# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| CLARENCE A. BRANCH, 3RD, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, DIRECTOR OF COMMERCE, *et al.*, <br><br> Defendants. | Case No. 2:18-cv-00402-GMN-VCF <br><br> **ORDER** <br><br> APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1) |

Before the Court are *pro se* Plaintiff Clarence A. Branch, 3rd's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Branch's *in forma pauperis* application is granted. The Court, however, orders that Branch's complaint be dismissed without prejudice.

## DISCUSSION

Branch's filings present two questions: (1) whether Branch may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Branch's complaint states a plausible claim for relief. Each is discussed below.

**I.  Whether Branch May Proceed *In Forma Pauperis***

Branch 's application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Branch's affidavit, he makes $125 per month and there are five dependents who rely on him for support. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* is, therefore, granted.

## II. Whether Branch's Complaint States a Plausible Claim

Because the Court grants Branch's application to proceed *in forma pauperis*, it must review Branch's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Branch's complaint is difficult to follow. It is styled as a third-party complaint, though Branch does not claim to be a third-party plaintiff. (ECF No. 1-1 at 1). This makes it impossible to determine what role the parties play in this case. Based on the party descriptions in the complaint, it appears that Branch and all defendants reside in Washington, D.C., which makes it doubtful that this Court would have personal jurisdiction over the defendants or could be considered a proper venue. *See Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141-42 (9th Cir. 2017); 28 U.S.C. § 1391(b). In addition, the complaint does not contain a short and plain statement showing that Branch is entitled to relief. Asked to "[d]escribe the events that gave rise to the plaintiff's complaint, the nature of the claims asserted, and the relief sought," Branch gives the following list: "simple assault 7/22/12, competency examination 05/29/2014, release

2

order 7/1/2013, St. Elizabeth's, nolle prosequi 09/09/2014, mandate true and certified copy 05/04/2015, mandate "Clayton Act" 06/09/2016, mandate 04/25/2017." (*Id.* at 4). Branch also states the relief sought is "tolling case." (*Id.*). However, Branch's civil cover sheet states this is an antitrust case with a brief description merely stating "Big Tucker." (ECF No. 1-2). Attached to the complaint are documents from several other court cases, but Branch does not explain how they are related to this case. (ECF No 1-1 at 6-43).

The Court cannot determine what Branch is alleging in this case. Branch fails to allege coherent facts or articulate a claim or claims against defendants. These deficiencies may be cured through amendment. Therefore, Branch's complaint is dismissed without prejudice. Branch must file an amended complaint explaining how the Court has jurisdiction over the defendants, the circumstances of the case, the relief Branch seeks from the Court, and the law upon which he relies in bringing the case in this Court. The amended complaint must also must follow the directions in Fed. R. Civ. P. 5.2(d) regarding what confidential information must be redacted, as Branch's original complaint contains confidential information. The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1.

ACCORDINGLY,

IT IS ORDERED that Branch's application to proceed *in forma pauperis* (ECF No. 1) is granted.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1). Given the personal identifiers contained in the complaint, it must remain under seal.

IT IS FURTHER ORDERED that Branch's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Branch has until April 16, 2018 to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 15th day of March, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE